IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OZBURN-HESSEY LOGISTICS, LLC, )
in its capacity as Administrator of the )
Ozburn-Hessey Logistics, LLC Health Benefit )
Plan, ) NO. 3:10-00223
) JUDGE HAYNES
Plaintiff, )
)
v. )
)
EDEN SURGICAL CENTER, a California )
Medical Corporation, )
)
Defendant. )

# MEMORANDUM

Plaintiff, Ozburn-Hessey Logistics, LLC ("OHL"), a Tennessee limited liability company, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant, Eden Surgical Center ("Eden"), seeking a declaratory judgment on whether the Defendant's request for certain documents and information is a proper request under the Employees Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1024(b)(4). OHL also seeks a declaration that OHL has complied with its obligation in responding to the Defendant's request.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 5) for improper venue and alternatively for a transfer to the Central District of California, Eden's principal place of business. OHL responds that venue is proper in this District under ERISA's venue provisions and because the Plan is administered in Tennessee.

**A. Analysis of the Motion**

OHL, a Tennessee limited liability company with its principal place of business in Brentwood, Tennessee, sponsors and maintains the OHL Health Benefits Plan (the "Plan"), a

self-funded employee welfare benefit plan under ERISA. (Docket Entry No. 11-1, Holloway Declaration at ¶¶ 3 and 4). OHL administers the Plan from its headquarters in Brentwood, Tennessee. Id. at ¶ 7.

Andrew Tidwell, OHL's vice president for human resources, and Shannon Holloway make determinations about the Plan's operations and administration, including, but not limited to eligibility and the amount of benefits, appeals of adverse benefits determinations, and the validity of requests for plan documents. Id. at ¶ 9. Tidwell and Holloway work exclusively at OHL's headquarters in Tennessee. Id. The Plan's documents and records are maintained at OHL's Tennessee headquarters. Id. at ¶ 10. The Plan's legal counsel, Bradley Arant Boult Cummings, LLC ("Bradley Arant"), is in Nashville. Id. at ¶ 11. OHL's human resources employees distribute Plan information to new hires at facilities in California. Id. at ¶ 13.

Eden, a California medical corporation with its principal place of business in Calabasa, California, operates an ambulatory surgery center. (Docket Entry No. 1, Reich Declaration at ¶ 7). In 2009, Eden provided medical services to three OHL employees who were participants in the Plan: Graciela Guerrero, Elena Rodriguez, and Arcida Mejia. Prior to medical treatment, Guerrero, Rodriguez and Mejia allegedly signed a document entitled "Assignment of ERISA Benefits and Rights; Appointment of Administrative Representative" (collectively referred to as the "Assignments"). (Docket Entry No. 1, Complaint, Collective Exhibit 1 thereto). Under these assignments, Guerrero, Rodriguez and Mejia appointed Eden to act as their authorized representative during the administrative review of any claim for health benefits submitted to their Plan and to act as their representative in any legal process relating to any claim submitted on their behalf, including a request for documents submitted under 29 U.S.C. § 1024(b)(4). (Docket

Entry No. 1, Complaint at ¶ 12).

Pursuant to these assignments, Eden submitted claims for benefits for Guerrero, Rodriguez and Mejia to the Plan for the payment of Eden's medical services. After its review, United Healthcare Insurance Company, the Plan's Administrator, approved each claim for payment under the Plan. Guerrero, Rodriguez, Mejia or Eden, on their respective behalf, did not file an appeal of that benefit determination.

In a January 27, 2010 letter, Bradley E. Jewett, Eden's counsel, citing the Assignments by Guerrero, Rodriguez and Mejia, requested OHL's Plan administrator to produce certain documents and information "pursuant to 29 U.S.C. § 1024(b)(4) and 29 C.F.R. § 2560.503-1." Id. Exhibit 2 thereto. Jewett requested the following documents and information:

- All documents regarding the Plan's operation and the basis for the re-pricing and misrepresentation of Eden's claim for [Guerrero, Rodriguez and Mejia], pursuant to 29 U.S.C. § 1024(b)(4) and 29 C.F.R. § 2560.503-1.

- All relevant documents, records and other information regarding the generation and processing of the benefit claim.

- All operating Plan documents, contracts and all "relevant" information relating to the subject adverse benefit determination.

Id.

In a February 25, 2010 letter, OHL's counsel responded that Jewett's request was an improper request under 29 U.S.C. § 1024(b)(4) because Jewett lacked written authorization from Eden, or any of these Plan participants for these records, citing a Department of Labor Advisory Opinion letter. Id. at Exhibit 3. Nonetheless, OHL as Plan Administrator provided Jewett with copies of the documents and other information that Eden and/or Guerrero, Rodriguez or Mejia

3

would receive for a proper request under 29 U.S.C. § 1024(b)(4) or 29 C.F.R. § 2560.503-1. Id. OHL provided Jewett with copies of the entire claims files that were reviewed in benefit claims process. Id. at ¶ 22. OHL notes that since 2009 Eden has filed sixteen (16) lawsuits seeking statutory penalties for alleged violations under ERISA unrelated to any benefits determinations.[1] Eden also sued OHL in California less that one year ago for alleged document disclosure violations pursuant to a virtually identical request for documents and assignment of benefits from two different patients. OHL cites its answer in that action denying Eden's assertion of proper venue in California.

Given Eden's litigious history, OHL filed this action for a declaratory judgment under 29 U.S.C. § 1132(a)(3) to determine this controversy between the parties and specifically to declare Jewett's letter as an improper written request for disclosure of documents and other information under Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4). Alternatively, OHL requests a

---

[1] See e.g., Eden Surgical Center v. WW Grainger, Inc., Case No. 2:09-cv-302 (C.D. Cal. Jan. 14, 2009); Eden Surgical Center v. Experian Info. Solutions, Inc., Case No. 2:09-cv-409 (C.D. Cal. March 13, 2009); Eden Surgical Center v. B. Braun Medical, Inc., Case No. 2:09-cv-1011 (C.D. Cal. Feb. 11, 2009); Eden Surgical Center v. St. Jude Medical, Inc., Case No. 2:09-cv-1253 (C.D. Cal. Feb. 20, 2009); Eden Surgical Center v. Marvin Engineering Co., Inc., Case No. 2:09-cv-1407 (C.D. Cal. Feb. 27, 2009); Eden Surgical Center v. Emerson Electric Company Self-Funded Medical PLA, Case No. 2:09-cv-2554 (C.D. Cal. April 13, 2009); Eden Surgical Center v. Ozburn-Hessey Logistics, Case No. 2:09-cv-2965 (C.D. Cal. April 28, 2009); Eden Surgical Center v. Rudolph Foods Co., Inc., Case No. 2:09-cv-3060 (C.D. Cal. May 1, 2009); Eden Surgical Center v. Budco Group, Inc., Case No. 2:09-cv-3991 (C.D. Cal. June 4, 2009); Eden Surgical Center v. New Breed, Inc. Health Plan Administrator, Case No. 2:09-cv-4031 (C.D. Cal. June 5, 2009); Eden Surgical Center v. General Electric Co., Case No. 2:09-cv-4301 (C.D. Cal. June 16, 2009); Eden Surgical Center v. Dollar Thrifty Automotive Group, Inc., Case No. 2:09-cv-6454 (C.D. Cal. Sept. 4, 2009); Eden Surgical Center v. California Motor Car Dealers Association, Case No. 2:09-cv-6456 (C.D. Cal, Sept. 4, 2009); Eden Surgical Center v. Centric Group LLC, Health Benefits PLA, Case No. 2:09-cv-7154 (C.D. Cal. Oct. 1, 2009); Eden Surgical Center v. Tenet Healthcare Corp., Case No;. 2:09-cv-7156 (C.D. Cal. Oct. 1, 2009); and Eden Surgical Center v. The Administrative Committee of the Time Warner Cable Benefits Plan, Case No. 2:10-cv-00920 (C.D. Cal. Feb. 8, 2010).

declaration that it has not violated any of the requirements of 29 U.S.C. § 1024(b)(4).

## B. Conclusions of Law

Under ERISA's venue provisions, venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" 29 U.S.C. § 1132(e)(2). Courts interpret this venue provision to require a plaintiff to satisfy only one criteria in the statute. Oakley v. Remy Int'l, Inc., Case No. 2:09-0107, 2010 WL 503125, at *3 (M.D. Tenn. February 5, 2010). The Plan here is managed in Brentwood, Tennessee, in this district. Determinations on this Plan's operations and benefits and the amount of benefits determinations and appeals are made in this district. Both Tidwell and Holloway, who determine benefits awards, are employed exclusively at OHL's corporate headquarters in this district. The documents and records concerning the Plan are maintained at OHL's headquarters in this district.

Given that the Plan is administered in Brentwood, Tennessee, the Court concludes that OHL has established that venue is proper in this district. See also Bostic v. Ohio River Co., 517 F.Supp. 627 (S.D.W.V. 1981); Wallace v. Am. Petrofina, Inc., 659 F.Supp. 829, 830 (E.D. Tex. 1987) ("[T]he court must look to the place where the plan is managed to determine where proper venue lies."). Sprinzen v. Supreme Court of the State of New Jersey, 478 F.Supp. 722 (S.D.N.Y. 1979). Eden cites Oakley v. Remy Int'l, Inc., 2010 WL 503125 (M.D. Tenn. Feb. 5, 2010), but Oakley actually stated: "[t]he statute is written in the disjunctive and, therefore, plaintiff need only establish that venue is proper under one of the criteria." Id. at *3.

As to Eden's request for a transfer, a plaintiff's choice of forum is entitled to deference. Peacock v. Pace Int'l Union Pension Fund Plan, 2007 WL 4403689, at *10 (M.D. Tenn. Aug. 23, 2007). Under 28 U.S.C. § 1404(a), the defendant bears the burden of proof that the proposed

Case 3:10-cv-00228   Document 22   Filed 06/21/10   Page 5 of 7 PageID #: 671

forum is significantly more convenient. Blane v. Amer. Inventors Corp., 934 F. Supp. 903, 907 (M.D. Tenn. 1996). The balance of proof must weigh strongly in favor of transfer to set aside Plaintiff's choice of forum. Nicol v. Koscinski, 188 F.2d 537 (6th Cir. 1951). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). See also Southern Elec. Health Fund, et al v. Bedrock Servs., No. 3:02cv-00309, 2003 WL 24272405, at *4 (M.D. Tenn. Jul. 23, 2003).

As to this accessibility of witnesses, "[t]he determination of the convenience of witnesses is not merely a 'head count,' but includes a consideration of the importance of each witness and 'includes both non-party witnesses outside the scope of the Court's subpoena power and the geographic location of nay witnesses likely to testify in the case." Chad Youth Enhancement Center, Inc. v. Colony Nat. Ins. Co., 2010 WL 455252, at *3 (M.D. Tenn. Feb. 2, 2010) (citing Costco v. Wholesale Corp v. Liberty Mut. Ins. Co., 2007 WL 412429, at *8 (S.D. Cal. 2007)). "'[T]he party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.'" Id. (citing Friedman v. Schwartz, 2009 WL 701111, at *8 (E.D.N.Y. 2009)).

Eden asserts that its doctors, employees, and directors are in Los Angeles, as are the Plan participants, but Eden does not identify these persons as witnesses for this controversy. The issues here involves whether Jewett's letter is a proper request under Section 104(b)(4) of ERISA; and if so, has OHL complied with its obligations under that statute. These issues are principally legal issues. Eden has not identified any obstacles to a fair trial in this district nor any showing of economy or the interest of justice to justify a transfer to California. Eden's reliance

6

on <u>Oakley</u> is misplaced, because there the participants were retirees only one of whom was from Tennessee. In <u>Oakley</u>, the significant number of the Plaintiffs in Indiana justified the transfer to Indiana. 28 U.S.C. § 1404.

For these reasons, the Court concludes that venue properly lies in this district and the Defendant has failed to demonstrate a transfer to California is appropriate. Thus, the Defendant's motion to dismiss or to transfer (Docket Entry No. 5) should be denied.

An appropriate Order is filed herewith.

**ENTERED** the ___18th___ day of June, 2010.

                                            WILLIAM J. HAYNES, JR.
                                            United States District Judge

7

Case 3:10-cv-00228   Document 22   Filed 06/21/10   Page 7 of 7 PageID #: 673