UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| **OZBURN-HESSEY LOGISTICS, LLC**, in its capacity as Administrator of the Ozburn-Hessey Logistics Health Benefit Plan,<br><br>    Plaintiff,<br><br>v.<br><br>**EDEN SURGICAL CENTER**, a medical corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   **Civ. Action No. 3:10-cv-228**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Ozburn-Hessey Logistics, LLC, by and through counsel, for its cause of action against Eden Surgical Center, a medical corporation, states as follows:

**Parties**

1. The Plaintiff, Ozburn-Hessey Logistics, LLC ("OHL"), is a limited liability company organized and existing pursuant to the laws of the State of Tennessee with its principal place of business located in Brentwood, Tennessee. OHL sponsors and maintains the Ozburn-Hessey Logistics Health Benefit Plan (the "Plan"), a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, and the regulations promulgated thereunder. OHL is the Administrator, as that term is defined in 29 U.S.C. § 1002(16)(A), of the Plan.

2. Eden Surgical Center is a medical corporation organized and existing pursuant to the laws of the State of California with its principal place of business located in Los

Angeles County, California. Eden operates an ambulatory surgery center located in Calabasas, California.

**Jurisdiction and Venue**

3. The matter in controversy involves the application of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. This declaratory judgment action is authorized pursuant to 29 U.S.C. § 1132(a)(3) and 28 U.S.C. § 2201.

5. This Court may exercise personal jurisdiction over Eden pursuant to 29 U.S.C. § 1132(e)(2).

6. Venue is proper in this Court pursuant to 29 U.S.C. 1132(e)(2) and 28 U.S.C. § 1391.

**Factual Background**

7. Graciela Guerrero ("Guerrero") is an employee of OHL and is a participant, as that term is defined in 29 U.S.C. § 1002(7), in the Plan.

8. Elena Rodriguez ("Rodriguez") is an employee of OHL and is a participant, as that term is defined in 29 U.S.C. § 1002(7), in the Plan.

9. Arcida Mejia ("Mejia") is an employee of OHL and is a participant, as that term is defined in 29 U.S.C. § 1002(7), in the Plan.

10. Eden asserts that it provided certain medical treatment to Guerrero on or about October 13, 2009 and October 21, 2009, to Rodriguez on or about November 19, 2009 and

December 3, 2009 and to Mejia on or about November 5, 2009, November 10, 2009 and November 17, 2009 (collectively the "Medical Treatment").

11. Prior to receiving any of the Medical Treatment at Eden, Guerrero, Rodriguez and Mejia each signed a document entitled "Assignment of ERISA Benefits and Rights; Appointment of Administrative Representative" (collectively referred to as the "Assignments"). Copies of the Assignments are attached hereto as Collective Exhibit 1.

12. Pursuant to the express terms of each of the Assignments, Guerrero, Rodriguez and Mejia appointed Eden to act as their authorized representative during the administrative review of any claim for health benefits submitted on their respective behalf to any health insurance plan, including the Plan, and to act on their respective behalf in connection with any legal process relating to any claim submitted on their behalf, including, but not limited to, a request for documents submitted under 29 U.S.C. § 1024(b)(4).

13. Specifically, Guerrero, Rodriguez and Mejia each transferred to Eden her respective standing "under ERISA's disclosure and civil enforcement procedures under 29 U.S.C. §§ 1024 and 1132."

14. Pursuant to the Assignments, Eden submitted claims (collectively the "Benefit Claims") on behalf of Guerrero, Rodriguez and Mejia to the Plan for the payment of medical benefits in connection with the Medical Treatment.

15. After providing the Benefit Claims with a full and fair review, the Plan's claims administrator, United Healthcare Insurance Company, approved each claim and forwarded the appropriate benefits under the Plan to Eden (collectively the "Benefit Determinations").

16. Neither Guerrero, Rodriguez, Mejia nor Eden, on their respective behalf, have filed an appeal of any of the Benefit Determinations.

17. By letter dated January 27, 2010 (the "Jewett Letter"), Eden's counsel, Bradley E. Jewett, Esq., pursuant to the Assignments, requested on behalf of Guerrero, Rodriguez and Mejia that OHL, in its capacity as Administrator of the Plan, produce certain documents and information "pursuant to 29 U.S.C. § 1024(b)(4) and 29 C.F.R. §2560.503-1." A copy of the Jewett Letter is attached hereto as Exhibit 2.

18. Specifically, Mr. Jewett requested the production of the following categories of documents and information:

(a) All documents regarding the Plan's operation and the basis for the re-pricing and misrepresentation of Eden's claim for [Guerrero, Rodriguez and Mejia], pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1.

(b) All relevant documents, records and other information regarding the generation and processing of the benefit claim.

(c) All operating Plan documents, contracts and all "relevant" information relating to the subject adverse benefit determination.

19. By letter dated February 25, 2010, counsel for OHL, in its capacity as Plan Administrator, responded to the Jewett Letter. A copy of the February 25, 2010 letter is attached hereto as Exhibit 3.

20. In connection with its response, OHL informed Mr. Jewett that the Jewett Letter did not constitute a proper request for documents and other information under 29 U.S.C. §

1024(b)(4) and the regulations promulgated thereunder because the written request came in the form of a letter from Mr. Jewett, an attorney, with no written authorization from either his client, Eden, or any of the Plan participants referenced in his letter, Guerrero, Rodriguez or Mejia.

21. Notwithstanding the improper request and in the spirit of compromise, OHL, in its capacity as Plan Administrator, provided Mr. Jewett with copies of the documents and other information that Eden and/or Guerrero, Rodriguez or Mejia would have been entitled to receive had any of them made a proper written request for documents under 29 U.S.C. § 1024(b)(4) or 29 C.F.R. §2560.503-1.

22. While not required under 29 U.S.C. § 1024(b)(4), OHL, in its capacity as Plan Administrator, also provided Mr. Jewett with copies of the entire claims files compiled in connection with administrative review of each of the Benefit Claims.

**Cause of Action**

23. OHL hereby realleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein.

24. OHL seeks a declaratory judgment pursuant to 29 U.S.C. § 1132(a)(3) and 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties.

25. OHL seeks a declaration that the Jewett Letter is not a proper written request for disclosure of documents and other information under 29 U.S.C. § 1024(b)(4).

26. In the alternative and assuming that the Court declares that the Jewett Letter is a proper written request for disclosure of documents and information under 29 U.S.C. §

1024(b)(4), OHL seeks a declaration that it is not in violation of any of the requirements of 29 U.S.C. § 1024(b)(4) and that it is not required to disclose any additional documents or information, including, but not limited to any re-pricing data owned or controlled by Viant Solutions or any other third-party vendor.

WHEREFORE, the Plaintiff, Ozburn-Hessey Logistics, LLC, respectfully requests the following relief:

A.  That the Court declare the rights and legal relations of the parties to the subject matter here in controversy, including, but not limited to declaring that the letter dated January 27, 2010 from Bradley E. Jewett, Esq. to Frank Eicher, Esq. is not a proper written request for disclosure of documents and information under 29 U.S.C. § 1024(b)(4) and the regulations promulgated thereunder;

B.  Alternatively and assuming that the Court determines that letter dated January 27, 2010 from Bradley E. Jewett, Esq. to Frank Eicher, Esq. is a proper written request for disclosure of documents and information under 29 U.S.C. § 1024(b)(4) and the regulations promulgated thereunder, that the Court declare the rights and legal relations of the parties to the subject matter here in controversy, including, but not limited to, declaring that Ozburn-Hessey Logistics, LLC, in its capacity as Administrator of the Plan, is not in violation of any of the requirements of 29 U.S.C. § 1024(b)(4) and that it is not required to disclose any additional documents or information, including, but not limited to any re-pricing data owned or controlled by Viant Solutions or any other third-party vendor.

C.  Reasonable attorneys fees and costs incurred in connection with this action, pursuant 29 U.S.C. § 1132(g);

D.  Such other and further relief as this Court deems just and equitable.

Dated: July 9 2010.

Respectfully submitted,

/s/ John M. Scannapieco
John M. Scannapieco
Tenn. Reg. No. 14473
Martha L. Boyd
Tenn. Reg. No. 22029
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2352
jscannapieco@babc.com
mboyd@babc.com

*Attorneys for Defendant, Ozburn-Hessey Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system, to Bynum Tudor, Tudor Law Firm, P.C., 5123 Virginia Way, Suite B-23, Brentwood, Tennessee 37027 on this 9th day of July, 2010.

/s/ John M. Scannapieco
John M. Scannapieco