IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OZBURN-HESSEY LOGISTICS, LLC, in its capacity as Administrator of the Ozburn-Hessey Logistics Health Benefit Plan, </br></br>　　　Plaintiff, </br></br>vs. </br></br>EDEN SURGICAL CENTER, a California medical corporation, </br></br>　　　Defendant. | No. 3:10-cv-00228 </br></br>Judge Haynes </br>Magistrate Bryant |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Eden Surgical Center ("Eden"), hereby files this Answer to the First Amended Complaint filed by the Plaintiff.

### FIRST DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The summary plan description attached to the original Complaint implies that the name of the group health plan ostensibly at issue in this case is "Ozburn-Hessey Logistics Health Benefit Plan." The notice of privacy practices attached to the original Complaint purports to be issued on behalf of a plan known as the "Ozburn-Hessey Logistics, LLC Health & Welfare Plan. Upon information and belief, Plaintiff has filed annual Forms 5500 for 2007 and 2008 with the federal government for a plan known as the "Ozburn-Hessey Logistics, LLC Health & Welfare Plan,"

1

but filed no Forms 5500 for 2007 or 2008 for a plan known as the "Ozburn-Hessey Logistics Health Benefit Plan." Eden is without knowledge or information sufficient to form a belief as to whether the "Ozburn-Hessey Logistics Health Benefit Plan" exists, or whether it is the same group health plan as the "Ozburn-Hessey Logistics, LLC Health & Welfare Plan." To the extent that Plaintiff has brought this action for the wrong plan, Plaintiff lacks standing to bring this action.

### THIRD DEFENSE

The summary plan description attached to the Complaint states that the name of the administrator of the group health plan ostensibly at issue in this case is "Ozburn-Hessey Logistics". Paragraph 1 of the First Amended Complaint alleges that Plaintiff, "Ozburn-Hessey Logistics, LLC," is the administrator of the group health plan at issue in this case. Eden is without knowledge or information sufficient to form a belief as to whether Plaintiff is the same entity as "Ozburn-Hessey Logistics." To the extent that Plaintiff is not the administrator of the group health plan at issue in this case and is not otherwise a fiduciary of such group health plan, Plaintiff lacks standing to bring this action.

### FOURTH DEFENSE

1. Eden affirmatively states that the summary plan description attached to the Complaint states that the name of the group health plan described therein is the "Ozburn-Hessey Logistics Health Benefit Plan." Eden is without knowledge or information sufficient to form a belief as to whether the "Ozburn-Hessey Logistics Health Benefit Plan" is the same group health plan as the "Ozburn-Hessey Logistics, Health & Welfare Plan." Eden admits that if the Ozburn-Hessey Logistics Health Benefit Plan is the same group health plan as the "Ozburn-Hessey

Logistics, Health & Welfare Plan," such plan is an "employee welfare benefit plan" within the meaning of that term under 29 U.S.C. § 1002(1). Eden is without knowledge or information sufficient to form a belief as to the truth or accuracy as to the remainder of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Eden admits the allegations contained in paragraph 2 of the Complaint. Eden affirmatively states that its full legal name is "Eden Surgical Center, a Medical corporation."

3. Eden admits the allegations contained in paragraph 3 of the Complaint.

4. Eden admits that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that a declaratory judgment is a form of equitable relief allowed, if appropriate and subject to other limitations, under 29 U.S.C. § 1132(a)(3). Eden affirmatively denies that Plaintiff is entitled to a declaratory judgment under 29 U.S.C. § 1132(a)(3). Eden denies the remainder of the allegations contained in paragraph 4 of the Complaint.

5-6. Eden admits the allegations contained in paragraphs 5 and 6 of the Complaint.

7-9. Upon information and belief, Eden admits the allegations contained in paragraphs 7-9, inclusive, of the Complaint.

10-14. Eden admits the allegations contained in paragraphs 10-14, inclusive, of the Complaint.

15. Eden admits that United HealthCare Insurance Company ("UHIC") is the claims administrator of the Ozburn-Hessey Logistics Health Benefit Plan. Principally because Plaintiff has failed or refused to provide all of the documents that Eden has requested, Eden is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations that UHIC provided a "full and fair review" of the claims at issue in this action, or that UHIC

"forwarded the appropriate benefits under the Plan to Eden (collectively, the "Benefit Determinations")," contained in paragraph 15 of the Complaint and therefore denies same. Eden denies the remainder of the allegations contained in paragraph 15 of the Complaint.

16. Upon information and belief, Eden admits the allegations that neither Graciela Guerrero ("Guerrero"), Elena Rodriguez ("Rodriguez"), nor Arcida Mejia ("Mejia") has filed an appeal of any of the Benefit Determinations, as contained in paragraph 16 of the Complaint. Eden affirmatively states that on May 5, 2010, it filed a protective appeal of the Benefit Determinations at issue in this action (as well as for other adverse benefit determinations for three other participants in the Ozburn-Hessey Logistics Health Benefit Plan), by letter and telecopy to Plaintiff's inside counsel. Eden re-filed said protective appeal by email to Plaintiff's inside counsel dated May 8, 2010. Eden is unable to file a complete appeal of said benefit determinations at this time principally because Plaintiff has failed or refused to provide all of the documents that Eden has requested.

17-18. Eden denies the allegations contained in paragraphs 17-18 of the Complaint. Eden affirmatively states that Mr. Jewett's letter dated January 27, 2010 speaks for itself.

19-22. Eden denies the allegations contained in paragraphs 19-22 of the Complaint. Eden affirmatively states that Plaintiff's counsel's letter dated February 25, 2010 and the documents produced therewith speak for themselves.

23. Eden incorporates its responses to paragraphs 1-22 above by this reference.

24-26. Eden is without knowledge or information sufficient to form a belief as to the truth or accuracy as to the allegations contained in paragraphs 24-26, inclusive, of the Complaint and therefore denies same. Eden affirmatively states that Plaintiff is not entitled to any of the

4

Case 3:10-cv-00228  Document 29  Filed 07/26/10  Page 4 of 13 PageID #: 721

relief it seeks.

27. All allegations in the Complaint that have not been specifically denied are hereby denied.

## FIFTH DEFENSE

The letter from Bradley E. Jewett, Esq. to Frank Eicher, Esq. dated January 27, 2010 is a proper written request for disclosure of documents and information by Eden, either on its own behalf or on behalf of Guerrero, Rodriguez, and Mejia, under 29 U.S.C. § 1024(b)(4) and the regulations promulgated thereunder and/or 29 C.F.R. § 2560.503-1.

## SIXTH DEFENSE

Eden is entitled under ERISA to receive copies of all of the documents and information it requested.

## SEVENTH DEFENSE

Plaintiff's claims are barred by equitable principles, including, without limitation, the doctrines of unclean hands, waiver, laches, and estoppel.

## EIGHTH DEFENSE

To the extent Plaintiff has stated any causes of action based upon the laws of the State of Tennessee or any other State and the group health plan at issue in this action is governed by ERISA, such laws are preempted by ERISA.

## NINTH DEFENSE

A declaratory judgment that an ERISA plan administrator did not violate ERISA is not authorized under 29 U.S.C. § 1132(a)(3), *inter alia*, because (1) it does not seek to enjoin an act or practice that violates ERISA or the plan; (2) it is not "appropriate equitable relief" to redress

5

any such violations; and (3) it is not "appropriate equitable relief" to enforce provisions of Title I of ERISA or the plan.

TENTH DEFENSE

Whatever the outcome of this case, it is inappropriate to award attorneys' fees and/or costs to an ERISA plan administrator who initiates litigation for the purpose of obtaining a declaratory judgment that it did not violate ERISA.

COUNTERCLAIM

COUNT 1

**Declaratory Judgment and Injunctive Relief**

**Under 29 U.S.C. § 1132(a)(1)(B) and/or 29 U.S.C. § 1132(a)(3)**

**and/or 28 U.S.C. § 2201**

1. Eden is a medical corporation organized and existing pursuant to the laws of the State of California with its principal place of business located in Los Angeles County, California. Eden operates an ambulatory surgery center located in Calabasas, California.

2. Upon information and belief, Plaintiff is the sponsor of a group health plan known as the "Ozburn-Hessey Logistics Health Benefit Plan," which is an "employee welfare benefit plan" within the meaning of that term under 29 U.S.C. § 1002(1).

3. Upon information and belief, the "Ozburn-Hessey Logistics Health Benefit Plan" is also known as the "Ozburn-Hessey Logistics Health Plan," and the "Ozburn Hessey Logistics Health & Welfare Plan" (collectively, the "Plan").

4. This counterclaim arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). This court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2).

5. Plaintiff is the "administrator" of the Plan, within the meaning of the term under 29 U.S.C. § 1002(16).

6. Eden provided medical treatment to Graciela Guerrero ("Guerrero"), Elena Rodriguez ("Rodriguez"), and Arcida Mejia ("Mejia") during the fourth quarter of 2009 (the "Medical Treatment").

7. Guerrero, Rodriguez, and Mejia were participants in the Plan at the time Eden provided the Medical Treatment.

8. Prior to receiving any of the Medical Treatment at Eden, Guerrero, Rodriguez, and Mejia each signed a document entitled "Assignment of ERISA Benefits and Rights; Appointment of Administrative Representative" (collectively, the "Assignments"). Copies of the Assignments are attached to Plaintiff's Complaint as Collective Exhibit 1.

9. Pursuant to the Assignments, Eden is a "beneficiary" of the Plan, within the meaning of the term under 29 U.S.C. § 1002(8).

10. Eden filed claims under the Plan regarding the Medical Treatment it provided to Guerrero, Rodriguez, and Mejia (the "Claims"). The Plan's claims administrator, United HealthCare Insurance Company ("UHIC"), paid a portion, but not all, of said Claims.

11. Upon information and belief, UHIC's compensation as the Plan's claims administrator is determined, in part, by the amount of claims it reduces or denies and the amount of any such claim reduction or denial. Upon information and belief, UHIC uses a database of "usual and customary" medical charges developed by Viant Solutions to reduce or deny claims

7

under the Plan.

12. By letter dated January 27, 2010, (the "Jewett Letter"), Eden's counsel, Bradley E. Jewett, Esq., requested on behalf of Eden that Plaintiff, as Plan administrator, produce certain documents and information specified therein. A copy of the Jewett Letter is attached to Plaintiff's Complaint as Exhibit 2.

13. All of the documents and information requested in the Jewett Letter fall within the scope of documents and information that Plaintiff, as Plan administrator, is required to furnish under 29 U.S.C. § 1024(b)(4) and/or 29 C.F.R. § 2560.503-1.

14. By reason of prior litigation between Eden and Plaintiff, Plaintiff had actual knowledge that Mr. Jewett was acting as legal counsel for Eden when he sent the Jewett Letter to Plaintiff.

15. By letter and telecopy dated May 5, 2010 to UHIC and by email dated May 8, 2010 to OHL (collectively, the "Reich Letter"), Mr. Lawrence Reich, on Eden's behalf, reiterated Eden's request for additional documents in connection with a protective appeal of the UHIC's partial denial of the Claims and claims relating to Eden's medical treatment of three other Plan participants (each of whom had also signed an assignment form similar to the forms that Guerrero, Rodriguez, and Mejia had signed), including the following: (i) copies of all documents, records and other information relevant to the claims filed on behalf of Guerrero, Rodriguez, Mejia, and three other Plan participants; and (ii) the data base of the Outpatient Facilities Index, which was utilized by Viant Solutions to reprice the claims at issue.

**WHEREFORE**, Eden requests that the Court:

(a) determine that the Jewett Letter and the Reich Letter are each proper written

requests by Eden, either on its own behalf or on behalf of the Plan participants named therein, for disclosure of documents and information under 29 U.S.C. § 1024(b)(4) and the regulations promulgated thereunder and/or 29 C.F.R. § 2560.503-1;

(b) determine that Eden is entitled to receive from Plaintiff all of the documents and information requested in the Jewett Letter and/or the Reich Letter;

(c) order Plaintiff to furnish copies of all documents requested in the Jewett Letter and/or the Reich Letter, to the extent Plaintiff has not already produced same;

(d) order Plaintiff to pay the costs and expenses of this litigation, including reasonable attorneys' fees, under 29 U.S.C. § 1132(g)(1); and

(e) grant such further legal and equitable relief as the Court may deem just and proper.

## COUNT 2

### Civil Penalty Under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)

16. Eden hereby realleges and incorporates paragraphs 1-15 of this counterclaim as if fully set forth herein.

17. Plaintiff failed or refused to produce all of the documents and information Eden's counsel requested within 30 days after Eden's counsel's written request for same pursuant to the Jewett Letter, in violation of 29 U.S.C. § 1024(b)(4) and/or 29 C.F.R. § 2560.503-1.

18. Plaintiff also failed or refused to produce all of the documents and information Mr. Reich requested within 30 days after his written request for same pursuant to the Reich Letter, in violation of 29 U.S.C. § 1024(b)(4) and/or 29 C.F.R. § 2560.503-1.

9

19. Instead of producing all of the documents and information Eden's counsel requested in the Jewett Letter, Plaintiff filed the instant action.

20. Eden has not received any response from Plaintiff or the Plan with respect to the request for documents contained in the Reich Letter.

21. Plaintiff's actions and refusals have prejudiced Eden's ability to gather sufficient information to determine whether or not it should file a completed appeal regarding the adverse benefit determinations of the Claims and the claims of three other Plan participants.

**WHEREFORE**, Eden requests that the Court:

(a) order Plaintiff to pay a civil penalty under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c) of up to $110 per day per document per participant as a result of Plaintiff's failure or refusal to produce all of the documents and information requested in the Jewett Letter by February 25, 2010;

(b) order Plaintiff to pay a civil penalty under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c) of up to $110 per day per document per participant as a result of Plaintiff's failure or refusal to produce all of the documents and information requested in the Reich Letter by June 4, 2010;

(c) order Plaintiff to pay the costs and expenses of this litigation, including reasonable attorneys' fees, under 29 U.S.C. § 1132(g)(1); and

(d) grant such further legal and equitable relief as the Court may deem just and proper.

## COUNT 3

## Declaratory Judgment and Injunctive Relief

## Under 29 U.S.C. § 1132(a)(1)(B) and/or 29 U.S.C. § 1132(a)(3)

## and/or 28 U.S.C. § 2201

22. Eden hereby realleges and incorporates paragraphs 1-21 of this counterclaim as if fully set forth herein.

23. As a direct and proximate cause of Plaintiff's failure or refusal to produce all of the documents and information requested in the Jewett Letter and the Reich Letter, Eden was and is unable to determine whether it should file a complete appeal the adverse benefit determinations of the Claims and the claims relating to Eden's treatment of three other Plan participants. Notwithstanding the above, to protect its rights, Eden filed a protective appeal of the adverse benefit determinations of the Claims and the adverse benefit determinations of the claims relating to Eden's treatment of three other Plan participants with UHIC and Plaintiff's inside counsel by letter and telecopy dated May 5, 2010 and by email dated May 8, 2010.

24. On or about June 10, 2010, Eden received formal denials from UHIC with respect to said May 5, 2010 and May 8, 2010 protective appeals.

**WHEREFORE**, Eden requests that the Court:

(a) issue an order confirming that Plaintiff's filing of the instant action tolled the deadlines for filing an appeal of the adverse benefit determinations of the Claims and the adverse benefit determinations of the claims relating to Eden's treatment of three other Plan participants and for furnishing any additional information necessary to perfect said claims (if applicable);

(b) order Plaintiff, as Plan administrator, to produce the documents and information requested under the Jewett Letter and the Reich Letter that Plaintiff failed or refused to produce;

(c) order Plaintiff, as Plan administrator, to allow Eden a reasonable amount of time within which (1) to review the documents and information requested under the Jewett Letter that Plaintiff failed or refused to produce and under the Reich Letter; and (2) to file a completed appeal of the adverse benefit determinations of the adverse benefit determinations of the Claims and the adverse benefit determinations of the claims relating to Eden's treatment of three other Plan participants, after Plaintiff produces said documents and information;

(d) order Plaintiff to pay the costs and expenses of this litigation, including reasonable attorneys' fees, under 29 U.S.C. § 1132(g)(1); and

(e) grant such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

s/ Bynum E. Tudor III
Bynum E. Tudor III
BPR #12279
Tudor Law Firm, P.C.
5123 Virginia Way, Suite B-23
Brentwood, Tennessee 37027
615/726-1000
615/370-0077 (fax)
TudorLawFirm@aol.com

Attorney for Defendant,
Eden Surgical Center

12

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

John M. Scannapieco, Esq.
Martha L. Boyd, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203

this 26th day of July, 2010.

                                              s/ Bynum E. Tudor III
                                              Bynum E. Tudor III