UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

OZBURN-HESSEY LOGISTICS, LLC, in its )
capacity as Administrator of the Ozburn- )
Hessey Logistics Health Benefit Plan, )
                                                                   )
        Plaintiff/Counterdefendant, )
v.                                       )   Civ. Action No. 3:10-cv-00228
                                                  )
EDEN SURGICAL CENTER, a medical  )   Electronically Filed
corporation, )
                                                )
        Defendant/Counterplaintiff. )

## OZBURN-HESSEY LOGISTICS, LLC'S ANSWER
## TO AMENDED COUNTERCLAIM

The Plaintiff/Counterdefendant, Ozburn-Hessey Logistics, LLC, in its capacity as the Administrator of the Ozburn-Hessey Logistics Health Benefit Plan ("OHL), answers the Amended Counterclaim asserted against it as follows:

      1.     OHL admits the allegations set forth in paragraph 1 of the Amended Counterclaim.

      2.     OHL denies the allegations set forth in paragraph 2 of the Amended Counterclaim. OHL avers that it is the sponsor of the "Ozburn-Hessey Logistics Health Benefit Plan" (the "Plan"), an employee welfare benefit plan within the meaning of that term under 29 U.S.C. §1002.

      3.     OHL admits that the correct name of the Plan at issue in this case is the "Ozburn-Hessey Logistics Health Benefit Plan." OHL is without sufficient knowledge or information either to admit or to deny the remaining allegations set forth in paragraph 3 of the Amended Counterclaim.

      4.     OHL admits that jurisdiction and venue are proper in this Court.

5. OHL admits the allegations set forth in paragraph 5 of the Amended Counterclaim.

6. OHL is without sufficient knowledge or information either to admit or to deny the allegations set forth in paragraph 6 of the Amended Counterclaim. OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Graciela Guerrero ("Guerrero"), Elena Rodriguez ("Rodriguez"), Arcida Mejia ("Mejia") or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 6 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

7. OHL admits that Guerrero, Rodriguez and Mejia are "participants" in the Plan within the meaning of the term under 29 U.S.C. § 1002(7). OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 7 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

8. OHL admits Guerrero, Rodriguez and Mejia each signed a document entitled "Assignment of ERISA Benefits and Rights; Appointment of Administrative Representative" (collectively referred to as the "Assignments"). OHL avers that the Assignments speak for themselves. OHL admits that copies of the Assignments are attached to the Complaint as Collective Exhibit 1. OHL is without sufficient knowledge or information

either to admit or to deny the remaining allegations set forth in paragraph 8 of the Amended Counterclaim. OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 8 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

9. Paragraph 9 of the Amended Counterclaim contains a legal conclusion with no factual allegations and, therefore, no response is required. However, to the extent that a response is required, OHL avers that 29 U.S.C. § 1002(8) speaks for itself. OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 9 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

10. OHL admits that pursuant to the Assignments, Eden submitted claims (the "Benefit Claims") to United Healthcare Insurance Company, the Plan's claims administrator, on behalf of Guerrero, Rodriguez, and Mejia for payment of medical benefits in connection with the medical treatment that it asserts that it provided to Guerrero, Rodriguez and Mejia, respectively. OHL further admits that after providing the Benefit Claims with a full and fair review, United Healthcare Insurance Company approved each claim and forwarded the appropriate benefits under the Plan to Eden. OHL denies the remaining allegations set forth in paragraph 10 of the Amended Counterclaim. OHL further avers that the facts pertaining to any claim for benefits

under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 10 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

11. OHL avers that the Administrative Service Agreement entered into between OHL and United Healthcare Insurance Company speaks for itself and to the extent any of the allegations set forth in paragraph 11 of the Amended Counterclaim are contrary to the terms and conditions of the Administrative Service Agreement, OHL denies such allegations. OHL further avers that the Summary Plan Description speaks for itself and to the extent that any of the allegations set forth in paragraph 11 of the Amended Counterclaim are contrary to the Summary Plan Description, OHL denies such allegations. OHL denies the remaining allegations set forth in paragraph 11 of the Amended Counterclaim.

12. OHL admits that by letter dated January 27, 2010 (the "Jewett Letter"), Eden's counsel, Bradley E. Jewett, Esq., pursuant to the Assignments, requested on behalf of Guerrero, Rodriguez and Mejia, that OHL, in its capacity as Administrator of the Plan, produce certain documents and information. OHL further admits that a copy of the Jewett Letter is attached to the Complaint as Exhibit 2. OHL denies the remaining allegations set forth in paragraph 12 of the Amended Counterclaim.

13. OHL avers that paragraph 13 of the Amended Counterclaim is a legal conclusion that does not contain any factual allegations and, therefore, no response is required. However, insofar as a response is required, OHL denies the allegations set forth in paragraph 13

of the Amended Counterclaim to the extent such allegations conflict with any obligations that it may have under ERISA or any regulations adopted thereunder.

14. OHL admits that Mr. Jewett represented Eden in prior litigation in California between Eden and OHL. OHL denies the remaining allegations set forth in paragraph 14 of the Amended Counterclaim.

15. OHL is without sufficient knowledge or information either to admit or to deny the allegations set forth in paragraph 15 of the Amended Counterclaim. OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 15 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

16. OHL denies that Eden is entitled to any relief whatsoever, including the specific relief requested in lettered paragraphs (a) through (e) of the Prayer for Relief included on pages 8 and 9 of the Amended Counterclaim.

17. OHL realleges and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 16 of this Answer to the Amended Counterclaim, as well as its additional defenses set forth below.

18. OHL denies the allegations set forth in paragraph 17 of the Amended Counterclaim.

19. OHL admits that it complied with all obligations under ERISA and the regulations promulgated thereunder with respect to the production of documents and other

information requested by Eden.  OHL denies the remaining allegations set forth in paragraph 18 of the Amended Counterclaim.

20. OHL admits that it complied with all obligations under ERISA and the regulations promulgated thereunder with respect to the production of documents and other information requested by Eden.  OHL further admits that it filed this declaratory judgment action.  OHL denies the remaining allegations set forth in paragraph 19 of the Amended Counterclaim.

21. OHL denies the allegations set forth in paragraph 20 of the Amended Counterclaim.

22. OHL denies the allegations set forth in paragraph 21 of the Amended Counterclaim.

23. OHL denies that Eden is entitled to any relief whatsoever, including the specific relief requested in lettered paragraphs (a) through (d) of the Prayer for Relief included on page 10 of the Amended Counterclaim.

24. OHL realleges and incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 23 of this Answer to the Amended Counterclaim, as well as its additional defenses set forth below.

25. OHL denies the allegations set forth in the first grammatical sentence of paragraph 23 of the Amended Counterclaim.  OHL is without sufficient knowledge or information either to admit or to deny the remaining allegations set forth in paragraph 23 of the Amended Counterclaim.  OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are

contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 23 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

26. OHL admits that after providing the appeals of the benefit claims submitted by Eden on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants with a full and fair review, United Healthcare Insurance Company denied such appeals. OHL further admits that United Healthcare Insurance Company communicated its decision with respect to each appeal to the Plan participant in writing, with a copy to Eden, within the time required by law. OHL avers that the facts pertaining to any claim for benefits under the Plan submitted by or on behalf of Guerrero, Rodriguez, Mejia or any other Plan participants are contained in the administrative record that has been compiled in connection with the ongoing administrative review of each claim for benefits, and, to the extent the allegations set forth in paragraph 24 of the Amended Counterclaim are inconsistent, OHL denies such allegations.

27. OHL denies that the Plaintiff is entitled to any relief whatsoever, including the specific relief requested in lettered paragraphs (a) through (e) of the Prayer for Relief included on pages 11 and 12 of the Amended Counterclaim.

28. All allegations set forth in the Amended Counterclaim not specifically admitted or denied are herein generally denied as if specifically set forth herein.

**Additional Defenses**

29. Eden has failed to state a claim upon which any relief may be granted.

30. OHL denies that Eden has standing to assert the claims alleged in this Amended Counterclaim.

31. To the extent Eden asserts a claim for relief seeking the recovery of damages, including compensatory and punitive damages, such an award is barred and prohibited by ERISA.

32. Eden did not sustain any legally cognizable damages by virtue of any action or inaction by OHL as alleged in the Amended Counterclaim.

33. To the extent Eden has asserted a claim under Section 502(a)(3) of ERISA, Eden's demands, as set forth in the Amended Counterclaim, do not constitute "appropriate equitable relief" within the meaning of Section 502(a)(3) of ERISA.

34. To the extent Eden seeks any relief under Section 502(a)(1)(B) of ERISA, Eden has not completed the administrative review of the claims for benefits filed on behalf of Guerrero, Rodriguez and Mejia or any other Plan participant on whose behalf it has asserted a claim for benefits and, therefore, it has failed to exhaust its administrative remedies as required by the terms of the Plan before commencing this action.

35. OHL avers that it has discharged its duties in the interest of Plan participants and, in doing so, it has acted in accordance with the documents and the instruments governing the Plan and any obligations that OHL may have under ERISA and the regulations promulgated thereunder.

36. To the extent Eden attempts to state one or more causes of action under state law relating to the administration or processing of a claim for health benefits under the Plan, such claims are barred and preempted by ERISA.

WHEREFORE, the Plaintiff/Counterdefendant, Ozburn-Hessey Logistics, LLC, respectfully requests that the Amended Counterclaim against it be dismissed with prejudice, that

it be awarded its costs, including its reasonable attorneys fees incurred in connection with its defense of this action, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and for such other and further relief as this Court deems just and equitable.

Dated: August 9, 2010.

Respectfully submitted,

/s/ John M. Scannapieco
John M. Scannapieco
Tenn. Reg. No. 14473
Martha L. Boyd
Tenn. Reg. No. 22029
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2352
jscannapieco@babc.com
mboyd@babc.com

*Attorneys for Defendant, Ozburn-Hessey Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system, to Bynum Tudor, Tudor Law Firm, P.C., 5123 Virginia Way, Suite B-23, Brentwood, Tennessee 37027 on this 9th day of August, 2010.

/s/ John M. Scannapieco
John M. Scannapieco